United States District Court
Southern District of Texas
**ENTERED**
January 05, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER D. EUSTICE, | § |
| *Plaintiff*, | § § § |
| v. | §  CIVIL ACTION H-21-3256 |
| WHOLESALE COINS DIRECT, LLC., | § § § |
| *Defendant*. | § |

## MEMORANDUM & ORDER

Pending before the court is defendant Wholesale Coins Direct, LLC's ("Wholesale") motion to dismiss for failure to state a claim. Dkt. 2. Wholesale filed its motion on October 13, 2021. *Id.* Because plaintiff Christopher D. Eustice ("Eustice"), *pro se*, had not filed a response within the timeframe contemplated by the Federal Rules of Civil Procedure, the court enlarged his deadline to respond to December 24, 2021. Dkt. 3. Eustice has still not responded. After considering the complaint, Wholesale's motion to dismiss, and the applicable law, the court is of the opinion that the motion to dismiss should be GRANTED IN PART and DENIED IN PART.

### BACKGROUND

Eustice filed his small claims petition in state court on August 16, 2021. Dkt. 1, Ex. 1. Wholesale removed the suit to this court on October 6, 2021.[1] Dkt. 1. In his complaint, Eustice alleges "FDCPA violations, harassment, breach of contract, [and] fraud." Dkt. 1, Ex. 1 at 1. He asserts the following:

---

[1] Under 28 U.S.C. § 1446(b)(1), parties must file their notice of removal within 30 days after receipt of the complaint. Here, Wholesale appears not to have been served with Eustice's complaint prior to September 22, 2021. *See* Dkt. 1, Ex. 3. Therefore, Wholesale timely removed Eustice's complaint.

> Defendant has repeatedly called Plaintiff at his residence to threaten him with arrest over orders which were never fulfilled as described.  The most recent order from July 2021 was delivered at a front desk and sign[ed] for...when the Plaintiff listed a shipping address of a house.  The harassment and FDCPA violations extend back years and Plaintiff prays for equitable tolling and for the court to acknowledge the continuing violation of the Defendant.

*Id.*  Eustice also seeks $20,000 in relief.  *Id.*

## LEGAL STANDARD

Wholesale moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  To withstand a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007).  If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed.  *Id.* at 570.  In reviewing a motion under Rule 12(b)(6), a court must "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citations and internal quotation marks omitted).  However, a reviewing court need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation and internal quotation marks omitted).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

## ANALYSIS

The court has original jurisdiction of this suit under 28 U.S.C. § 1331 because Eustice brings this action, in part, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.  The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Stewart v. Alonzo*, Civil Action No. C-08-347, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009) (citing 15 U.S.C. § 1692(e); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1099 (9th Cir. 1996)); *see also McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) (observing that the FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists") (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982)).

To state a claim under the FDCPA a plaintiff must allege facts showing that: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart*, 2009 WL 174938, at *2; *see also Black v. De La Torre*, No. CV H-20-1604, 2021 WL 2019202, at *4 (S.D. Tex. May 20, 2021). Under the statute, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Eustice has not alleged facts showing that Wholesale is a debt collector or that its alleged calls pertain to debt collection. *See, e.g., Black*, 2021 WL 2019202, at *5 (concluding that plaintiff failed to state a claim where he did not "allege facts showing that the defendants qualify as debt collectors or that they were otherwise engaged in activity prohibited by the FDCPA").

3

Accordingly, the court grants Wholesale's motion to dismiss as to Eustice's claim under the FDCPA.

Wholesale also asks the court to dismiss Eustice's state law claims. *See* Dkt. 2 at 3. Because the court dismisses the federal claim that granted it jurisdiction to hear this suit, it must decide whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367. Section 1367 provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within which such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. However, a court "may decline to exercise supplemental jurisdiction over a claim" if:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* The court finds that these factors weigh against exercising supplemental jurisdiction. Though Eustice's remaining state law claims are neither novel nor complex, the court has dismissed Eustice's FDCPA claim, which granted it original jurisdiction to hear this case. The parties lack diversity jurisdiction under 28 U.S.C. § 1332 because Eustice only seeks $20,000 in damages. *See* Dkt. 1, Ex. 1. Had Eustice not invoked the FDCPA, the court would have been compelled to remand this case to state court when Wholesale initially removed it. Accordingly, the court denies Wholesale's motion as to Eustice's state law claims and remands this case to state court.

## CONCLUSION

For the reasons discussed above, defendant Wholesale's motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff Eustice's claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., is DISMISSED without prejudice. This case is REMANDED to the Justice Court of Harris County, Texas, Precinct 5, Place 1.

Signed at Houston, Texas on January 4, 2022.

_____
Gray H. Miller
Senior United States District Judge